UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM GLENN WELTY,

        Petitioner,

vs.                                    Case No. 3:10-cv-311-J-37TEM

SECRETARY, DOC,
et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing an Emergency Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to Title 28 U.S.C. 2241(c)(3) (Doc. #1) (Petition) on April 12, 2010.[1] He challenges his presumptive parole release date (PPRD) as established by the Florida Parole Commission (Commission) and the failure of the Commission to release him on parole.[2]

---

[1] The Petition was filed with the Clerk on April 14, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (April 12, 2010). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] In Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam), the Eleventh Circuit found that a federal habeas petition challenging the actions of a state parole commission was

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

---

properly brought pursuant to 28 U.S.C. § 2241, but subject to the rules and restrictions set forth in 28 U.S.C. § 2254. Thus, the Petition is governed by both § 2241 and § 2254.

2

> not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Although Petitioner identifies his Petition as being raised pursuant to 28 U.S.C. § 2241(c)(3), Petitioner must meet the requirements of 28 U.S.C. § 2254. As noted in Medberry v. Crosby, 351 F.3d 1049, 1058 (11th Cir. 2003), cert. denied, 541 U.S. 1032 (2004), "[a]fter reviewing the relevant history, it is evident that there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." This case, of course, is not a challenge to a federal prisoner's sentence; therefore, § 2255 is inapplicable. Thus, this case is governed by both § 2241 and § 2254.

> The difference between the statutes lies in the breadth of the situations to which they apply. Section 2241 provides that a writ of habeas corpus may issue to a prisoner in the following five situations:
>
> . . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or . . . .
>
> 28 U.S.C. § 2241(c). **Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies – it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the**

> **United States."  28 U.S.C. § 2254(a) (emphasis added).**

Medberry, 351 F.3d at 1059 (emphasis added).

"Section 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply." Medberry, 351 F.3d at 1060.  Indeed, 28 U.S.C. § 2244(d)(1) states that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Thus, Petitioner's habeas petition "is subject both to § 2241 and to § 2254, with its attendant restrictions[,]" Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004), cert. denied, 543 U.S. 1063 (2005), including the one-year period of limitation.

Respondent Commission contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondent Florida Parole Commission's Motion to Dismiss or, in the Alternative, Response to Court's Order to Show Cause (Doc. #16) (Motion to Dismiss).  In support of its contentions, the Commission has submitted exhibits.[3] See Appendix to Respondent's Response (Doc. #16).  Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Motion to Dismiss. See Order (Doc. #9).  Petitioner filed a Sworn Traverse to Florida Parole

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

Commission's Motion to Dismiss, or, in the Alternative, Response to Court Order to Show Cause (Doc. #30) and an Appendix (Doc. #31).

The Secretary of the Florida Department of Corrections (Department) filed a Limited Response to Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254 (Doc. #12) on August 16, 2010, noting that the Department has no authority over setting the PPRD, and the Department is a nominal party to the action and must defer to the Commission concerning Petitioner's PPRD. Petitioner filed his Sworn Traverse to Florida Dept. of Corrections' Limited Response to Petition for Writ of Habeas Corpus Under Title 28 U.S.C. 2241(c)(3) (Doc. #32) and an Appendix (Doc. #32).

A brief procedural history follows. Petitioner was charged by Indictment with first degree murder. Ex. A. The judgment was entered on October 10, 1978. Id. He was sentenced to death, and the order was entered on October 31, 1978. Id. He was re-sentenced to life, with parole not to be granted for twenty-five years, on December 7, 1981, *nunc pro tunc* October 31, 1978. Ex. B.

Petitioner was scheduled for an initial interview with the Commission in April, 2002; however, he was deemed ineligible for a PPRD interview due to receiving a disciplinary report. Ex. C. His interview was rescheduled for October, 2002. Id.

Petitioner was interviewed on October 31, 2002, and the Parole Examiner, on November 1, 2002, recommended a PPRD of October 25,

2003.  Ex. D.  A Commission meeting was held on December 4, 2002, and a PPRD was established to be October 31, 2043.  Id.  This decision was certified on December 10, 2002.  Id.  On January 6, 2003, Petitioner submitted a request for Review of Presumptive Parole Release Date.  Ex. E.  The Commission granted administrative review and found a scrivener's error in the salient factor score, but found there should be no modification to the assigned PPRD date; however, without explanation, the PPRD date, after a Commission meeting on March 19, 2003, was established to be October 30, 2043.[4]  Id.  This decision was certified on March 27, 2003.  Id.  Petitioner was notified that his next interview would take place in August, 2007.  Id.

Petitioner did not file anything in the state court system until February 22, 2005, when he filed a petition for writ of mandamus.  Ex. G.  Petitioner moved to dismiss the action, and an Order of Voluntary Dismissal was entered on July 14, 2005.  Id.

The Petition, filed April 12, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. The one-year limitations period began to run on Friday, March 28, 2003 (the day after the Commission certified that it had denied the appeal/request for modification of the assigned PPRD), and expired

---

[4] Upon review, October 31, 2043, is a Saturday.  Apparently, a decision was made to move the PPRD to a week-day, Friday, October 30, 2043.

6

on Monday, March 29, 2004, utilizing the anniversary method. <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008). Petitioner did not file his post conviction motion in the state court system until February 22, 2005. This motion did not toll the federal one-year limitations period because it had already expired on March 29, 2004. <u>See</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), <u>cert</u>. <u>denied</u>, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable

7

jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on

8

appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

2.   Respondent Florida Parole Commission's October 6, 2010, Motion to Dismiss (Doc. #16) is **GRANTED**.

3.   The case is **DISMISSED** with prejudice.

4.   The Clerk of the Court shall enter judgment dismissing this case with prejudice.

5.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of November, 2011.

_____
ROY B. DALTON JR.
United States District Judge

sa 11/8
c:
William Glenn Welty
Counsel of Record

9